SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CR 08-6 ODW √<br>CV 08-2338 ODW | Date | April 9, 2008 |

Present: The Honorable   OTIS D. WRIGHT, II, UNITED STATES DISTRICT JUDGE

Interpreter

| Raymond Neal | Not reported | Not present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| JAIME RODRIGUEZ | Not | X | | Not present | | | |

**Proceedings (In Chambers):**   **Motion to Vacate Sentence**

The Court is in receipt of defendant's "notice of appeal" which the Court treats as a motion under 28 USC §2255 requesting the Court to reconsider, vacate and correct its sentence. The Court finds that based on the motion and the files and records of this case, it conclusively appears that defendant is not entitled to the relief he seeks, i.e. resentencing.

Succinctly stated, defendant contends that he was improperly assessed five criminal history points for prior convictions in January, February March, May and September of 2007, all occurring after his illegal re-entry into the United States following deportation. It is Defendant's position that these state law offenses are "relevant conduct" and should be considered part of his offense of conviction. The court disagrees. " An illegal alien who commits the continuing offense of illegally re-entering the United States can have his sentence increased for state offenses he commits during his federal continuing offense." U.S. Sentencing Guidelines, §4A1.1. See for example, *United States v. Reyes-Nava*, 169 F.3d 278. There, and here, the defendant received a two-point enhancement under section 4A1.1(d) because he committed "[ ] part of [the] instant offense (i.e. any relevant conduct) while under any criminal justice sentence." U.S.S.G. §4A1.1 comment, (n.4). Illegal re-entry is a continuing offense, therefore part of the instant offense occurred during each of his subsequent convictions following his illegal re-entry into the United States. No fewer than four times, Defendant was under a criminal justice sentence during the commission of the instant offense. Defendant's rather impressive record is reflected in the achievement of having amassed

| | : | 00 |
|---|---|---|
| | Initials of Deputy Clerk | RGN |

cc:   Probation Office
       Pretrial Services Agency – Los Angeles

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

18 criminal history points.  The court has reviewed the calculations and finds the calculation to be correct.  Defendant is not entitled to a three level reduction.

Defendant also argues ineffective assistance of counsel.  To demonstrate ineffective assistance of counsel, defendant must show that counsel's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Defendant contends that trial counsel was ineffective for (a) failing to object to the fact that the Presentence Report was not disclosed 35 days prior to the sentencing date, (b) that he did not timely receive a copy of the PSR, (c) that no objections were made with respect to the report, (d) that defense counsel did not review the report with Defendant, and (e) that defense counsel did not provide a copy of Defendant's letter to the Court, which letter allegedly contained Defendant's objections to the calculations of Defendant's criminal history.  First, no objection was interposed at the time of sentencing on the issue of the disclosure date's proximity to the sentencing date, presumably because counsel for both sides viewed that they had sufficient time to evaluate the report and file their position papers. Indeed, position papers were filed.  Defendant does not argue that given more time, new or more persuasive arguments would have been raised which would have had an impact on the sentence.  As for the contention that trial counsel was ineffective for not having submitted Defendant's letter to the court (which letter purportedly contained Defendant's objections to the determination of the criminal history points), that contention is rejected.  First, it appears that the problem was created by Defendant himself for having posted the letter from the Metropolitan Detention Center directly to the court, as opposed to routing it through his attorney.  Perhaps Defendant was unaware that the court would not read an ex parte communication from a represented party.  Alternatively, it may be that defense counsel was already aware of Defendant's position on the issue of calculation of his criminal history points and found the position without merit.  Counsel cannot be faulted for refusing to advance a meritless point to the Court.  "[T]rial counsel cannot have been ineffective for failing to raise a meritless objection." Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005).

Defendant fails to establish "a reasonable probability that, but for counsel's . . . error[], the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  Even if one were to characterize defense counsel's conduct as "error," which the Court does not, Defendant has not suffered prejudice from any action or inaction on the part of his attorney.  Therefore, Defendant's request to vacate the sentence is DENIED.

: 00

Initials of Deputy Clerk   RGN

cc:   Probation Office
      Pretrial Services Agency – Los Angeles